OTTERBOURG P.C.
230 Park Avenue
New York, New York 10169
(212) 661-9100
Richard G. Haddad, Esq.
John Bougiamas, Esq.
Attorneys for Wells Fargo Bank, National Association,
as successor to Congress Financial Corporation

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | X : : | |
|     HERMAN JACOBS, VICTOR JACOBS<br>    AND JACOB JACOBS, | : : : | Chapter 7<br><br>Case No. 03-84455 (ESS) |
| Debtors. | : :X | Jointly Administered |
| CONGRESS FINANCIAL CORPORATION, | : | Adv. Proc. No. 03-08557 (ESS) |
| Plaintiff, | : : | **DECLARATION OF JOHN**<br>**BOUGIAMAS IN SUPPORT** |
| v. | : : | **OF MOTION OF WELLS**<br>**FARGO BANK, NATIONAL** |
| HERMAN JACOBS a/k/a HERMAN JACOBOWITZ<br>a/k/a HERMAN JAKOBOWITZ, | : : | **ASSOCIATION, AS**<br>**SUCCESSOR TO CONGRESS**<br>**FINANCIAL CORPORATION** |
| Defendant. | : X | **FOR CONTEMPT AND TO**<br>**COMPEL** |

       JOHN BOUGIAMAS, under penalty of perjury, declares as follows:

       1.     I am associated with the firm of Otterbourg P.C., attorneys for Plaintiff Wells Fargo Bank, National Association, as successor to Congress Financial Corporation, as agent for itself and other lenders ("Wells Fargo" or "Plaintiff"). I am familiar with the facts set forth herein and submit this declaration in support of Wells Fargo's Motion seeking the entry of an Order pursuant to Federal Rule of Civil Procedure 45 (the "Federal Rules"), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9016 (the "Bankruptcy Rules") to

3196712.1

punish Sara Jacobowitz ("Mrs. Jacobowitz") for contempt and to compel Mrs. Jacobowitz to comply with a duly served subpoena.

2. This motion arises from Mrs. Jacobowitz's failure to answer questions at her deposition. Wells Fargo noticed Mrs. Jacobowitz's deposition to aid in the collection of the judgment obtained by Wells Fargo against Mrs. Jacobowitz's husband, Herman Jacobs (the "Judgment Debtor" or "Herman"), entered on May 12, 2009 in the amount of $122,577,046.37 (the "Indebtedness"). The subpoena required Mrs. Jacobowitz to appear to be examined and to produce documents related to her and Herman's financial affairs. Mrs. Jacobowitz failed to produce any documents and while she appeared for her examination, she failed to answer a single question, even refusing to confirm her own name or the names of her children. Rather than answering any questions, Mrs. Jacobowitz improperly invoked a blanket assertion of the Fifth Amendment with respect to all questions. Because Mrs. Jacobowitz failed to produce any documents and improperly refused to testify through her blanket assertion of the Fifth Amendment, she should be punished for contempt, be compelled to appear for deposition and answer the questions posed by counsel, pay the court reporter and attorneys' fees in connection with the deposition and the costs incurred to pursue this motion.

## Background

3. In the referenced Action, Wells Fargo sought entry of an order and judgment pursuant to Sections 523(a)(2)(A) and (B), 523(a)(4) and 523(a)(6) of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Bankruptcy Rules 4007 and 7001(6), determining that indebtedness due to Wells Fargo from Herman is excepted from discharge and granting a judgment of non-dischargeability in favor of

Congress relating to the fraud committed by Herman, his father Victor Jacobs and his brothers, Aaron and Jacob Jacobs.

4. By Judgment entered May 12, 2009, this Court granted a Judgment to Plaintiff in the amount of the Indebtedness and decreed that the Plaintiff have execution thereof. In addition, this Court also determined that the Indebtedness is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and 727(a). A copy of the Judgment is attached hereto as Exhibit A.

5. On January 28, 2013, I issued a subpoena requiring Mrs. Jacobowitz to appear for deposition at our offices to aid in the collection of the Judgment. A copy of the subpoena is annexed hereto as Exhibit "B".

6. The subpoena scheduled Mrs. Jacobowitz's deposition for February 27, 2013. In addition, the subpoena compelled Mrs. Jacobowitz to produce the following documents:

    a. Documents relating to your or Herman's interest in current or prior interest in any and all bank accounts of any kind since January 1, 2005;

    b. Documents relating to your or Herman's current or prior interest in any and all money market accounts of any kind since January 1, 2005 to present;

    c. Your or Herman's check books, bank books, bank statements, accounts payable and receivable journals and/or ledgers, or those of any company in which you have or had an interest since January 1, 2005 to present;

    d. Documents relating to your or Herman's current or prior interest in any and all safe deposit boxes of any kind since January 1, 2005;

    e. Documents relating to your or Herman's current or prior interest in any and all brokerage accounts since January 1, 2005 to present;

    f. Your or Herman's financial statements and any and all books, records and/or documents relating to any assets listed on said financial statements, as well as any records relating to said financial statements, or those of any

company in which you have an interest or had an interest, from January 1, 2005 to present;

g. Your or Herman's federal and state income tax returns filed after January 1, 2005 to present;

h. Documents relating to the transfer of your or Herman's assets, or the assets of any entity in which you or Herman have or had an interest -- outside the normal course of business -- since January 1, 2005 to present;

i. Residential and commercial leases, mortgages, mortgage participation agreements or other documents evidencing any equity interest in real property currently or since January 1, 2005 held by you, or Herman or any entity in which you have or had an interest;

j. Deeds for any realty currently or since January 1, 2005 owned in full or in part by you or Herman or by any entity in which you have or had an interest;

k. Certificates of title and registration of any motor vehicles, aircraft, or boats currently or since January 1, 2005 owned by you or Herman or any entity in which you have or had an interest; and

l. All other books, papers and records which have or may contain information concerning your or Herman's property, income or other means relevant to the satisfaction of the Judgment; and

m. Any other documents pertaining to assets of Herman Jacobs.

At no time has either Mrs. Jacobowitz or anyone on her behalf objected to any of the document requests.

7. Through her counsel, Mrs. Jacobowitz's deposition was scheduled for April 23, 2013. Although Mrs. Jacobowitz appeared with her counsel on April 23, she did not produce any of the requested documents.

8. In addition, while appearing for her deposition, Mrs. Jacobowitz refused to answer any questions and instead invoked the Fifth Amendment in response to all questions asked of her. A copy of the transcript of the deposition is annexed hereto at Exhibit "C".

9. For example, Mrs. Jacobowitz invoked the Fifth Amendment refusing to

identify her own husband or the identity of her children. Tr. at 5, ll. 4 – 14; Tr. at 9, ll. 5 – 20. She also refused to testify whether she undertook any searches for documents responsive to the subpoena such as bank statements, financial statements and books and records related to any assets that she and Herman own. Tr. at 14 – 17.

10. Mrs. Jacobowitz also refused to testify whether she is in compliance with an Order of this Court dated July 20, 2004 issued in the adversary proceeding styled *Silverman, as Trustee and Congress Financial Corp. v. A-Z RX, LLC, et al.*, Case No. 04-08369, in which Mrs. Jacobowitz is a defendant. A copy of the Court Order is attached hereto as Exhibit "D". Pursuant to the Order, Mrs. Jacobowitz agreed to entry of a preliminary injunction restraining her from transferring any assets other than "Exempt Assets" (as defined in the Order).

11. Mrs. Jacobowitz also refused to answer all other questions posed to her, including questions related to the assets that she and her husband may have overseas, whether she has any bank accounts and how she pays for household expenses. Tr. at 30 – 35, 40.

## **Basis for Relief**

12. Rule 69 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7069, governs the execution of judgments under the Federal Rules. Under Rule 69(a), execution of judgment is enforced by following the procedure of the state where the court is located and includes the ability to obtain discovery from any person, including the judgment debtor, in aid of execution as follows:

> (1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord

> with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

13. Accordingly, through the execution provisions of the Federal Rules, the Plaintiff duly issued the subpoena upon Mrs. Jacobowitz to obtain discovery in aid of execution pursuant to Federal Rule 45, made applicable to this proceeding by Bankruptcy Rule 9016. In accordance with Federal Rule 45(e), the "issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."

14. Although duly served with subpoena, Mrs. Jacobowitz failed to produce any documents and while she appeared for her examination, she failed to answer a single question and instead improperly invoked a blanket assertion of the Fifth Amendment with respect to all questions. As a result of Mrs. Jacobowitz's failure to produce any documents and improper refusal to testify through her blanket assertion of the Fifth Amendment, she should be punished for contempt and compelled to appear for deposition and answer the questions posed by counsel.

15. In this respect, ample cause exists to hold Mrs. Jacobowitz in contempt for her improper assertion of the Fifth Amendment. In general, "[t]he proper assertion of the Fifth Amendment privilege has three prerequisites: 1) 'compelled disclosure', 2) that is 'testimonial' and 3) 'incriminatory'. *In re Cassandra Group*, 338 B.R. 600, 603 (Bankr. S.D.N.Y. 2006); *In re*

*ICS Cybernetics, Inc.*, 107 B.R. 821, 827 (Bankr. N.D.N.Y.1989). The privilege exists to protect a witness from providing oral or written testimony that would "furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *United States v. Zappola*, 646 F.2d 48, 52–53 (2d Cir. 1981) (citation omitted). For disclosure to be considered "incriminatory" for Fifth Amendment purposes, there must exist "reasonable cause to apprehend danger from a direct answer," as a "witness' say-so does not of itself establish the hazard of incrimination." *Cassandra Group*, 338 B.R. at 603 - 604.

16. Reasonable cause is present where "a nexus exists between the risk of prosecution and the information requested." *Id.* "The claimant of the privilege must be 'confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination.'" *Id. citing United States v. Zappola*, 646 F.2d at 53; *In re ICS Cybernetics, Inc.*, 107 B.R. at 828-829 ("An individual is entitled to invoke the privilege only where the question is 'genuinely threatening.'") (citation omitted).

17. As such, blanket assertions of the Fifth Amendment privilege are prohibited and a court must seek to "undertake a particularized inquiry to determine whether the assertion was founded on a reasonable fear of prosecution as to each of the posed questions." *Cassandra Group*, 338 B.R. at 604 *citing United States v. Bowe*, 698 F.2d at 566 (2d Cir. 1983); *see also United States v. Zappola*, 646 F.2d at 53; *In re ICS Cybernetics, Inc.*, 107 B.R. at 829 (the determination of whether a Fifth Amendment privilege has been properly asserted rests "upon the trial court, guided by its own perception of the case's facts, to conduct a particularized inquiry into the scope and legitimacy of the claim with regard to each question asked").

18. Here, Wells Fargo sought to examine Mrs. Jacobowitz to aid in the

3196712.1

- 7 -

collection of the Judgment. Wells Fargo sought to question Mrs. Jacobowitz regarding any assets that her husband may own or that she may jointly own with him. In addition, Wells Fargo sought testimony concerning the financial affairs of Herman and including whether she or any other member of the Jacobs family is supported by or otherwise has access to assets that could be used to satisfy the Judgment. Such questions should not elicit an invocation of the Fifth Amendment. In particular, unless Mrs. Jacobowitz is currently involved in any wrongdoing, any conduct relating to her husband's fraud or her alleged participation in the fraud occurred over 10 years ago. As a result, there is no "reasonable fear of prosecution as to each of the posed questions" and Mrs. Jacobowitz should be compelled to answer these questions.

19. Plaintiff respectfully requests that the filing of a supporting memorandum of law be waived inasmuch as the issues involved herein concern settled legal principles that do not require further exposition beyond the legal authorities cited herein.

20. No prior application for the relief requested herein has been made to this or other Court.

21. It is respectfully requested that the Court grant the Plaintiff's Motion for an Order punishing Mrs. Jacobowitz for contempt of Court, compelling her to produce documents responsive to the subpoena and appear for her deposition to answer the questions posed to her by Wells Fargo, and to pay the court reporter and attorneys' fees in connection with the deposition and the costs incurred to pursue this motion.

Dated: New York, New York
      November 19, 2013

                                          /s/ John Bougiamas
                                          John Bougiamas